**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 14-CR-3028-LRR |
| vs. | **ORDER** |
| MARK RANDALL HARKEN, | |
| Defendant. | |

_____

*TABLE OF CONTENTS*

*I.    INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.   RELEVANT PROCEDURAL BACKGROUND..* . . . . . . . . . . . . . . . . . . . . *2*

*III.  STANDARD OF REVIEW.* . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.   RELEVANT FACTUAL BACKGROUND.* . . . . . . . . . . . . . . . . . . . . . *3*

*V.    ANALYSIS.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    *A.    Legal Standard.* . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.    Justification for Vehicle Stop* . . . . . . . . . . . . . . . . . . *5*
        *1.    Iowa Code section 321.38..* . . . . . . . . . . . . . . . . . . . *5*
        *2.    Iowa Code section 321.422..* . . . . . . . . . . . . . . . . . . *8*
        *3.    Felon in possession.* . . . . . . . . . . . . . . . . . . . . . *10*

*VI.   CONCLUSION..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

*I. INTRODUCTION*

The matter before the court is Defendant Mark Randall Harken's Objections (docket no. 38) to United States Chief Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 35), which recommends that the court deny Defendant's "Motion to Suppress" ("Motion") (docket no. 27).

## II. RELEVANT PROCEDURAL BACKGROUND

On May 21, 2014, a grand jury returned an Indictment (docket no. 2) charging Defendant with knowingly possessing firearms and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year and while being an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(1) and 922(g)(3). The Indictment also contains a forfeiture allegation. On July 16, 2014, Defendant filed the Motion. On July 23, 2014, the government filed a Resistance (docket no. 31). On July 29, 2014, Judge Scoles held a hearing on the Motion. *See* July 29, 2014 Minute Entry (docket no. 32). Defendant was represented by his attorney, Michael Lahammer. Assistant United States Attorney Anthony Morfitt represented the government. On August 1, 2014, Judge Scoles issued his Report and Recommendation, which recommends that the court deny the Motion. On August 14, 2014, Defendant filed his Objections. The Report and Recommendation and the Objections are fully submitted and ready for decision.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence,

or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

### IV. RELEVANT FACTUAL BACKGROUND[1]

On April 11, 2014, Scott Schrage, the Chief of Police in Parkersburg, Iowa, sent Officer Cody Vry of the Aplington, Iowa Police Department a text message which stated that Matt Harken—who Officer Vry believed to be Defendant's cousin—wanted to speak with a police officer. Harken met with Officer Vry and stated that he was involved in an altercation with Defendant. Harken told Officer Vry that he saw what appeared to be the butt of a shotgun in Defendant's vehicle (a black Ford F-150 truck) and that Defendant threatened to kill Harken. Harken further stated that he saw Defendant leaving Aplington and driving toward Parkersburg at around 5:00 p.m. Chief Schrage advised Officer Vry that Defendant was a felon and could not lawfully possess firearms.

At around 10:40 p.m. that evening, Officer Vry was on the east side of Aplington when he saw Defendant's black Ford F-150 truck coming westbound into Aplington on Highway 57. Officer Vry was familiar with the vehicle Defendant drove, having observed Defendant driving it through town frequently. Officer Vry stated that he noticed three separate violations of Iowa law: (1) one of the lights illuminating the rear license plate was dislodged and was exhibiting a white light toward the rear in violation of Iowa Code section 321.388; (2) dirt covered the rear license plate, rendering it illegible in violation

---

[1] After reviewing the hearing transcript, the court finds that Judge Scoles accurately and thoroughly set forth the relevant facts in the Report and Recommendation. *See* Report and Recommendation at 3-7. Accordingly, the court only briefly summarizes the facts. When relevant, the court relies on and discusses additional facts in conjunction with its legal analysis.

of Iowa Code section 321.38; and (3) a ball hitch on the truck obscured the rear license plate in violation of Iowa Code section 321.38.

After the stop and a conversation between Defendant and Officer Vry, Officer Vry told Defendant that he had information that there was a weapon inside the truck. Defendant became upset. Multiple physical altercations, vehicle chases and standoffs ensued.

## V. ANALYSIS

Defendant objects to Judge Scoles's factual finding "that dirt and dust covered the license plate." Brief in Support of Objections (docket no. 38-1) at 1 (internal quotation marks omitted). Defendant also objects to Judge Scoles's legal conclusions that "probable cause for the traffic stop existed" and "reasonable suspicion for the traffic stop existed." Objections at 1.

### A. Legal Standard

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop constitutes a seizure of [a] vehicle's occupants, including any passengers." *United States v. Hollins*, 685 F.3d 703, 705 (8th Cir. 2012) (quoting *United States v. Sanchez*, 572 F.3d 475, 478 (8th Cir. 2009)). To be constitutional, a "traffic stop 'must be supported by reasonable suspicion or probable cause.'" *Id.* at 706 (quoting *United States v. Houston*, 548 F.3d 1151, 1153 (8th Cir. 2008)). An officer has probable cause to make a traffic stop when the officer "objectively has a reasonable basis for believing that the driver has breached a traffic law." *United States v. Gordon*, 741 F.3d 872, 876 (8th Cir. 2013) (quoting *United States v. Coney*, 456 F.3d 850, 856 (8th Cir. 2006)) (internal quotation marks omitted). Whether an officer has probable cause "is determined from 'the totality of the circumstances as set forth in the information available to the arresting officer[] at the time of the arrest.'" *Houston*, 548 F.3d at 1154 (quoting *United States v. Adams*, 346 F.3d 1165, 1169 (8th Cir. 2003)).

4

Moreover, "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). An officer has reasonable suspicion justifying a traffic stop "when the officer is aware of 'particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed.'" *Houston*, 548 F.3d at 1153 (quoting *United States v. Martin*, 706 F.2d 263, 265 (8th Cir. 1983)).

### B. *Justification for Vehicle Stop*

Judge Scoles found that the vehicle stop was justified because Officer Vry: (1) had probable cause to believe Defendant violated Iowa Code section 321.38 because "Defendant's rear license plate was completely covered by dirt"; (2) had probable cause to believe Defendant violated Iowa Code section 321.38 "because the county name was not 'clearly visible' due to the ball hitch inserted in the bumper"; (3) had probable cause to believe Defendant violated Iowa Code section 321.422 because "the light on the left of the license plate, which was intended to illuminate the license plate, was dislodged and was facing to the rear"; and (4) had reasonable suspicion "to stop Defendant to determine whether he was a felon in unlawful possession of a firearm." Report and Recommendation at 9-11, 13. The court will address each of these justifications in turn.

### 1. *Iowa Code section 321.38*

In his Objections, Defendant argues that Officer Vry did not have probable cause to stop Defendant's vehicle for violating Iowa Code section 321.38. In support of this argument, Defendant contends that Officer Vry did not have probable cause because: (1) he "was able to radio in the license plate number before he exited his vehicle"; (2) the government failed to show that the license plate was not both "free from foreign materials <u>and</u> in a condition to be clearly legible"; (3) "the statute is violated only when the presence of foreign materials defeats that purpose by making information on the plate illegible"; (4) "Officer Vry was able to radio the license plate number, thus defeating any claim that the

5

trailer ball obscured the license plate"; and (5) Officer Vry's testimony was insufficient to show whether the license plate was visible. Brief in Support of Objections at 1-4 (internal quotation marks omitted).

Iowa Code section 321.38 provides:

> Every registration plate shall at all times be securely fastened in a horizontal position to the vehicle for which it is issued so as to prevent the plate from swinging and at a height of not less than twelve inches from the ground, measuring from the bottom of the plate, in a place and position to be clearly visible and shall be maintained free from foreign materials and in a condition to be clearly legible. An imitation plate or plates imitating or purporting to imitate the official registration plate of any other state or territory of the United States or of any foreign government shall not be fastened to the vehicle.

Iowa Code § 321.38. "[T]he statute plainly requires that a license plate '*at all times* . . . be maintained free from foreign materials and in a condition to be clearly legible'" and "[h]owever impractical it may seem to have a license plate 'clearly legible' at all times, no exceptions appear from the language of the statute." *State v. Klinghammer*, No. 09-0577, 779 N.W.2d 495 (Table), 2010 WL 200058, at *3 (Iowa Ct. App. Jan. 22, 2010) (quoting Iowa Code § 321.38). The Iowa Code "demonstrate[s] that the legislature intended that all information to be displayed on a license plate must remain readable." *State v. Harrison*, 846 N.W.2d 362, 368 (Iowa 2014).

The court first turns to Defendant's argument that Officer Vry did not have probable cause to stop Defendant's vehicle because he "was able to radio in the license plate number before he exited the vehicle." Brief in Support of Objections at 1. Officer Vry testified that he could only read the plate once he "performed the stop and . . . was pretty much right behind [Defendant], then [he] was able to repeat the plate." Transcript of Motion to Suppress Hearing ("Transcript") (docket no. 36) at 12. However, Officer Vry also testified that "[t]he plate was covered in gravel dust" and that he "was within 30 feet of

6

[Defendant's vehicle] and [he] wasn't able to see the plate," and that he was not "able to read any of the numbers or letters comprising the license plate number." *Id.* at 5. Furthermore, Officer Vry testified that Defendant "looked at the plate [and] agreed it was dirty." *Id.* at 6. Moreover, Judge Scoles "found Officer Vry's testimony to be credible. That is, [he] believe[d] Officer Vry that prior to the initial stop, Defendant's rear license plate was completely covered by dirt." Report and Recommendation at 9-10. Upon reviewing the transcript, the court finds no reason to disturb Judge Scoles's credibility determination. Based on Officer Vry's testimony that he was not able to see the plate from thirty feet away because it was covered by dirt, the court has no trouble concluding that Officer Vry had probable cause to believe Defendant was violating Iowa Code section 321.38.

The court next turns to Defendant's argument that to violate the statute, the government must show that the license plate is neither free from foreign materials nor clearly legible. Defendant misreads the statute. The statute requires that all license plates "shall be maintained free from foreign materials and in a condition to be clearly legible." Iowa Code § 321.38. The statute thus requires that a vehicle operator keep his or her license plate both free from foreign materials and clearly legible. If the operator fails to either keep the plate free from foreign materials or keep the plate clearly legible, then the operator is not in compliance with the statute. So, while Defendant is correct that the word "and" is used in the conjunctive, this imposes a duty on the operator to comply with both parts of the statute, and the failure to satisfy either part violates the statute.

The court now turns to Defendant's argument that "the statute is violated only when the presence of foreign materials defeats that purpose by making information on the plate illegible." Brief in Support of Objections at 2-3. Defendant cites no authority in support of this argument. Moreover, as already discussed, the statute requires an operator to maintain a license plate that is both free of foreign materials and clearly legible,

7

"[h]owever impractical it may seem." *Klinghammer*, 2010 WL 200058, at *3. Even if Defendant were correct, Officer Vry's testimony that Defendant's license plate was covered by dirt and he could not read the plate from a distance of thirty feet established probable cause to believe Defendant was violating the statute.

The court next turns to Defendant's argument that because Officer Vry was able to radio Defendant's license plate number, the trailer ball did not obscure the license plate in violation of the statute. Officer Vry testified that "the ball hitch . . . obscur[ed] the county on the license plate." Transcript at 14. Because the statute requires "that all information to be displayed on a license plate must remain readable," the fact that Officer Vry could not read the county on the license plate provided probable cause to believe that Defendant was violating Iowa Code section 321.38. *Harrison*, 846 N.W.2d at 368.

Finally, the court turns to Defendant's argument that Officer Vry's testimony alone was not sufficient evidence to support Judge Scoles's finding that Officer Vry had probable cause to pull over Defendant's vehicle. As already discussed, Judge Scoles found Officer Vry's testimony to be credible, and the court finds no reason to disturb this finding. The court finds that the record amply supports the conclusion that Officer Vry had probable cause to believe Defendant's vehicle was in violation of Iowa Code section 321.38.

### 2. *Iowa Code section 321.422*

Defendant argues that Officer Vry did not have probable cause to believe Defendant was violating Iowa Code section 321.422. In support of this argument, Defendant contends that: (1) the government presented insufficient evidence to support a conclusion that Officer Vry had probable cause to believe Defendant was violating the statute; (2) neither party argued whether Officer Vry had probable cause to believe Defendant was violating the statute and "the Magistrate can not now provide such a violation as supporting probable cause"; and (3) "Officer Vry failed to put forth any facts that he suspected a violation of Iowa Code § 321.422." Brief in Support of Objections at 4-5.

8

Iowa Code section 321.422 provides:

> No person shall drive or move any vehicle or equipment upon any highway with any lamp or device thereon displaying or reflecting a red light visible from directly in front thereof. No person shall display any color of light other than red on the rear of any vehicle, except that stop lights and directional signals may be red, yellow, or amber.

Iowa Code § 321.422.

The court first turns to Defendant's argument that the government did not present sufficient evidence to support a conclusion that Officer Vry had probable cause to believe Defendant was violating the statute. Officer Vry testified that he "noticed that [Defendant's] one plate light was pointing backwards to where [Officer Vry] had a white light shining straight back." Transcript at 4; *see also id.* at 14 ("And the left plate light was shining a white light to the rear of the vehicle."). He also testified that Defendant "agreed that [the license plate light] was not working right." *Id.* at 6. Based on Officer Vry's testimony, the government presented ample evidence that Defendant violated Iowa Code section 321.422 because he "display[ed] any color of light other than red on the rear of [the] vehicle." Iowa Code § 321.422.

The court next turns to Defendant's argument that the court may not provide a basis for probable cause that the parties did not argue. Defendant cites no authority for this proposition, and this argument is without merit. As already discussed, an officer has probable cause to make a traffic stop when the officer "*objectively* has a reasonable basis for believing that the driver has breached a traffic law." *Gordon*, 741 F.3d at 876 (emphasis added) (quoting *Coney*, 456 F.3d at 856) (internal quotation marks omitted). Probable cause determinations are evaluated objectively. *See Whren v. United States*, 517 U.S. 806, 813 (1996) ("[T]he constitutional reasonableness of traffic stops [does not] depend[] on the actual motivations of the individual officers involved."); *United States v. Guevara*, 731 F.3d 824, 828-29 (8th Cir. 2013) (holding that a district court may rely on

a different statute than one an officer stated in determining whether an officer had probable cause necessary to make a traffic stop because the existence of probable cause is viewed objectively). Thus, although Officer Vry did not list Iowa Code section 321.422 as a justification for the stop, he still objectively had a reasonable basis to believe Defendant violated Iowa Code section 321.422 because Defendant's license plate had a white light shining to the rear of the vehicle.

Finally, the court turns to Defendant's argument that the government did not present sufficient evidence to support the court's probable cause determination. The court concludes that Officer Vry's uncontroverted testimony that the light near Defendant's license plate was emitting a white light provided Officer Vry with probable cause to believe Defendant was violating Iowa Code section 321.422.

### 3. *Felon in possession*

Defendant argues that Officer Vry did not have a reasonable suspicion that Defendant was a felon in possession of a firearm. In support of this argument, Defendant contends that Judge Scoles failed to "consider the time frame" in determining that Matt Harken's information was reliable enough to give Officer Vry a reasonable suspicion that Defendant was unlawfully possessing a firearm. Brief in Support of Objections at 6. However, the record indicates that Judge Scoles properly considered the time between when Matt Harken stated that he saw the butt of a shotgun in Defendant's truck at approximately 2:00 p.m. and the time he contacted the police about his altercation with Defendant at approximately 5:00 p.m. *See* Report and Recommendation at 3. Moreover, the court agrees with Judge Scoles that Officer Vry had a reasonable suspicion that Defendant was unlawfully possessing a firearm. *See id.* at 13 ("While there is no evidence that Matt Harken had provided reliable information in the past, he is clearly more reliable than an anonymous tipster. . . . Harken was not trying to 'work off' other crimes, nor is

there any evidence that he had some improper motive in contacting authorities. As noted, some of the information provided was later verified by Officer Vry." (citation omitted)).

## VI. CONCLUSION

In light of the foregoing, the court **ORDERS**:

(1) The Objections (docket no. 38) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 35) is **ADOPTED**; and

(3) The Motion (docket no. 27) is **DENIED**.

**DATED** this 18th day of September, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA